2019 IL App (1st) 181324-U

SIXTH DIVISION
November 1, 2019

No. 1-18-1324

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| NATALJA VILDZIUNIENE, | ) | |
| | ) | Appeal from the |
| | ) | Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | 15 CH 2159 |
| | ) | |
| LORRAINE RIEFF and BRADLEY H. | ) | |
| FOREMAN, | ) | Honorable Thomas R. Allen, |
| | ) | Judge Presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE CONNORS delivered the judgment of the court.
Justices Cunningham and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held:*   Trial court properly granted defendants' motions to dismiss certain counts of both the second amended complaint and the fourth amended complaint.

¶ 2     Plaintiff Natalja Vildziuniene appeals from the trial court's grant of defendants Lorraine Rieff's and Bradley Foreman's motions to dismiss certain counts of her second amended complaint and her fourth amended complaint. The counts pertinent to this appeal are: count I against both Rieff and Foreman for conspiracy to commit fraud; count IV against Foreman for

legal malpractice; and count V against Rieff for unjust enrichment. The trial court granted defendants' motions to dismiss, and plaintiff now appeals. For the following reasons, we affirm.

¶ 3                                          BACKGROUND

¶ 4      Plaintiff filed her original complaint on February 9, 2017, against her brother-in-law Kevin LaRoe, to remove cloud on title. Over a year later, on March 1, 2016, plaintiff filed an amended complaint that added several defendants including Foreman and Rieff. On October 31, 2016, plaintiff filed a second amended complaint. In her second amended complaint, plaintiff alleged that her husband, with whom she was involved in divorce proceedings, and various members of his family, conspired to defraud plaintiff in a series of real estate transactions, used plaintiff's identity to open credit accounts and amass debts in plaintiff's name, used plaintiff's identity to shift tax liability onto plaintiff, took out mortgages and loans on plaintiff's behalf and without her knowledge, breached the duty of care and other duties owed to plaintiff as her lawyers in various real estate transactions, and represented plaintiff in various court proceedings without her knowledge and in furtherance of the conspiracy. Plaintiff identified Rieff as an "aunt-in-law" to the plaintiff, and Foreman as an attorney practicing law in Cook County.

¶ 5      Plaintiff alleged in the facts of the second amended complaint that Rieff received a portion of the real estate agent commissions during two separate sales of 3224 N. Ottawa Avenue in Chicago – one that took place on January 31, 2012, from Arlene Montana (plaintiff's mother-in-law, and Rieff's mother), to her daughter Phyllis, and one that took place on February 2, 2012, from Phyllis to plaintiff. Plaintiff claimed not to have known about this sale. Plaintiff alleged that on July 23, 2013, a Small Business Administration (SBA) loan of $40,700 was secured by the subject property and made out to a codefendant and plaintiff. Plaintiff claimed that on February 20, 2013, a NewTek Small Business Finance Loan (Loan II) of $145,000 was secured by a

mortgage on the subject property, and that Foreman represented codefendants and plaintiff in connection with Loan II. Plaintiff stated that she was unaware that she was represented by Foreman.

¶ 6    Plaintiff further alleged in the second amended complaint that the property at 8534 W. Sunnyside Avenue in Chicago was sold by Arlene to Phyllis on April 3, 2012, and that Rieff and another defendant split the $12,900 real estate agent commission. Plaintiff claimed that also on April 3, 2012, Phyllis sold the subject property to plaintiff for a profit, and that a codefendant and Rieff split the real estate commission of that sale. Plaintiff alleged that the property generated $2,500 in monthly rent and that she did not receive rental income from the property between April 3, 2013, and August 1, 2015.

¶ 7    Plaintiff alleged that on June 14, 2012, Arlene sold the property at 3543 N. Plainfield Avenue in Chicago to Phyllis, who then sold it to plaintiff, without plaintiff's knowledge. Plaintiff also alleged that Grand Manor Realty received the broker's commission of the transaction. She alleged that Grand Manor Realty was a real estate brokerage controlled by Arlene, Phyllis, and Kevin. Plaintiff alleged that on February 20, 2013, a NewTek Small Business Finance Loan (Loan II) was secured by a mortgage on the subject property, and that Foreman represented codefendants and plaintiff in connection with Loan II.

¶ 8    Plaintiff alleged that on October 5, 2012, Arlene sold the property at 6643 N. Oshkosh Avenue in Chicago to Phyllis, and that Phyllis sold the property to plaintiff that same day. Plaintiff was never aware of this transaction. Plaintiff alleged that Rieff received commission as the real estate agent for the first transaction.

¶ 9    Plaintiff also alleged that Vito Montana, Arlene's husband, sold the property at 208 N. Dee Road in Chicago to Phyllis on July 23, 2013, and that Rieff received commission as the real

estate agent on this transaction. Phyllis then sold the subject property to plaintiff on the same day, without plaintiff's knowledge.

¶ 10    Plaintiff also claimed that on February 24, 2014, Arlene sold the property at 820 S. Cumberland Avenue in Chicago[1] to Phyllis, and then on the same day Phyllis sold the property to Grand Manor. Plaintiff claimed that Grand Manor secured a commercial loan from RCN Capital Funding for $591,500 (Loan III), and plaintiff was listed as a guarantor on this loan. Plaintiff claimed that when Loan III went unpaid, Foreman represented Grand Manor and plaintiff as defendants in a suit brought by RCN Capital Funding. Plaintiff claimed she was not made aware of the situation or Foreman's representation.

¶ 11    Plaintiff also alleged that Foreman produced an Illinois Statutory Short Form Power of Attorney for Property on February 19, 2013, in order to facilitate the fraudulent purchase of Grand Manor Realty in plaintiff's name, without her knowledge. Plaintiff thought the loan of December 5, 2011, from Celtic Bank Corporation (Loan IV) in plaintiff's name, was for the purchase of a hostel, not Grand Manor Realty.

¶ 12    Plaintiff claimed that in 2011, Foreman represented her against American Express, but that plaintiff never discussed the matter with Foreman and did not know he was representing her. She also stated that she did not open up the American Express account associated with the deficiency.

¶ 13    Throughout the second amended complaint, plaintiff claimed that all deeds were notarized by Violet Ciaccia, Rieff and Arlene's mother, who had died on October 2, 2009.

¶ 14    Plaintiff alleged that Parthenon Guest House, a hostel owned and operated by Rieff, misreported 1099 income to plaintiff for the years 2009, 2010, and 2012.

---

[1] While plaintiff claims this property is located in Chicago, we cannot find any such address. There is, however, an 820 S. Cumberland Avenue in Park Ridge, Illinois.

¶ 15    In her second amended complaint, plaintiff alleged two counts against Rieff: conspiracy to commit fraud and unjust enrichment. Plaintiff alleged that Rieff acted in furtherance of the conspiracy to commit fraud by acting as a real estate agent and collecting commissions related to the sale of various properties. She also argued that by falsely claiming plaintiff earned over $287,000 in non-employee 1099 income from Parthenon Guest House, Rieff benefitted from reduced tax liability that shifted to plaintiff. In support of her allegations against Rieff, plaintiff attached an unsigned escrow and commission statement listing Rieff as the selling agent.

¶ 16    The counts in plaintiff's second amended complaint against Foreman were for conspiracy to commit fraud and legal malpractice.

¶ 17    On December 5, 2016, Foreman filed a combined motion to dismiss the counts against him pursuant to section 2-619.1 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2016)). He alleged that count I for conspiracy to commit fraud should be dismissed against him pursuant to section 2-619(a)(9) of Code (735 ILCS 5/2-619(a)(9) (West 2016)), and that count IV for legal malpractice should be dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)).

¶ 18    On December 12, 2016, Rieff filed a combined section 2-619.1 motion to dismiss, supported by her own affidavit which stated that Rieff had not been a licensed real estate agent in Illinois for over 20 years, was never employed by Grand Manor Realty, and did not receive any money for any real estate transactions alleged by plaintiff. She also stated in her affidavit that she did not misreport or attribute any nonemployee income to plaintiff during 2009, 2010, or 2012. Rieff's combined motion to dismiss the conspiracy claim was filed pursuant to section 2-619(a)(9), or alternatively, section 2-615. Her motion to dismiss count V for unjust enrichment was pursuant to section 2-619(a)(9).

¶ 19     On June 8, 2017, a hearing was held on the defendants' motions to dismiss. Foreman argued that there were seven real estate transactions discussed in the second amended complaint but that Foreman was not alleged to have any involvement in five of them. Foreman stated that there were no allegations that Foreman sat down with other defendants and made a plan to cheat plaintiff or create fraudulent documents, or that Foreman had any part in forging notary signatures. Foreman argued that therefore there was no conspiracy.

¶ 20     The trial court stated, "there is no way that a conspiracy has been pled against people that are not linked in with this family." The trial court reasoned that conspiracy could not be invented, and that although it is hard to plead, "you have got to have some kind of conversation, action, conduct, and you can't just wish it." The trial court granted Foreman's motion to dismiss count I against him, with prejudice. The trial court also dismissed count IV against Foreman for legal malpractice, without prejudice. It denied Rieff's motion to dismiss count I, but dismissed count V against Rieff for unjust enrichment with prejudice. The trial court based the dismissal in part on Rieff's "unrebutted affidavit."

¶ 21     On July 7, 2017, Rieff filed a motion to reconsider the court's denial of her motion to dismiss count I against her. The trial court granted her motion to reconsider and dismissed her from the conspiracy count, without prejudice, stating, "There is no reference to any agreement or to act in concert to commit any tort ***. There is no definition of conspiracy. There is no detail of what the conspiracy is. There is no – not even a hint as to whether anybody was with another person at the time this conspiracy came into place."

¶ 22     Plaintiff filed her fourth amended complaint on November 20, 2017.[2] Count I of the fourth amended complaint alleged that all of the defendants, including Rieff and Foreman, were

---

[2] Plaintiff sought leave to file a third amended complaint, but then abandoned it and sought leave to file a fourth amended complaint, which the trial court granted.

coconspirators who had "entered an agreement to participate in the conspiracy to unlawfully obtain monies they were not entitled to obtain and which were monies that plaintiff should have received as the title holder to the property." Plaintiff alleged that the object of the conspiracy was to use her good credit to take out as much money as possible from the real estate purchased by her for the wrongful benefit of the coconspirators while placing all liability for their actions on her. Plaintiff claimed that Rieff acted in furtherance of the conspiracy by acting as a real estate agent and collecting commissions related to the sale of various subject properties.

¶ 23    Count IV of the fourth amended complaint was for legal malpractice against Foreman. Plaintiff alleged that Foreman, while representing her in several cases, owed her fiduciary duties, duties of care, and duties of loyalty. Plaintiff claimed that Forman breached those duties when he failed to advise her about any facts related to these cases.

¶ 24    Count V of the fourth amended complaint was against Rieff for unjust enrichment and was "repled to preserve appellate review." Plaintiff argued that by falsely claiming that she earned over $287,000 in non-employee 1099 income from Parthenon Guest House, Rieff benefited from reduced tax liability that shifted to plaintiff.

¶ 25    On January 10, 2018, Rieff filed a combined section 2-619.1 motion to dismiss count I of the fourth amended complaint, arguing in part under section 2-615 that plaintiff failed to state a cause of action for conspiracy against her. On January 11, 2018, Foreman filed a motion to dismiss count IV pursuant to section 2-619(a)(9), because the statute of limitations had expired, and pursuant to section 2-615, because plaintiff failed to state a cause of action for legal malpractice.

¶ 26    A hearing was held on these motions on May 15, 2018. The trial court, in discussing the conspiracy count against Rieff, stated, "These are conclusions, I know they're hard. But

7

sometime the reason they're hard is that there's nothing there. That's why sometimes it's hard to plead conspiracy, because you don't have it." Count I was dismissed with prejudice against Rieff.

¶ 27     The trial court also stated, in discussing the legal malpractice claim against Foreman, "when you've been served with lawsuits and you got ***all these mysterious lawsuits filed against you for – for transactions that you have no knowledge of?" The trial court stated, "I think the statute of limitations is expired *** at the time they brought this cause of action." The trial court also stated that Foreman was not alleged to have participated in any of the same day flipping of properties, and that his involvement was "American Express, a municipal collection case, RCN, a foreclosure case, and this NewTek loan."  The trial court also stated, "So he represented her in a loan. She didn't know he represented her. *** where is the damage?"

¶ 28     The trial court entered an order on May 16, 2018, that stated, "Defendant Rieff's 2-615/619 motion to dismiss [count] I for conspiracy is granted. [Count] I against [] Rieff is dismissed with prejudice" The order also stated, "Defendant Foreman's 2-619.1 motion to dismiss the fourth amended complaint, Count IV, is granted and he is dismissed with prejudice from Count IV."

¶ 29     Plaintiff now appeals. She is appealing the trial court's June 8, 2017, order dismissing Foreman from count I of the second amended complaint with prejudice, and dismissing count V of the second amended complaint against Rieff with prejudice. She is also appealing the trial court's May 16, 2018, order dismissing Rieff from count I of the fourth amended complaint with prejudice and dismissing count IV of the fourth amended complaint against Foreman with prejudice.

¶ 30                              ANALYSIS

¶ 31 On appeal, plaintiff contends that the trial court improperly dismissed the claims against Rieff and Foreman. At the outset, we note that "our review of a combined section 2-619.1 motion to dismiss pursuant to either section 2-615 or section 2-619 of the Code [citation] is *de novo*." *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 10.

¶ 32                                    Rieff

¶ 33 Following plaintiff's fourth amended complaint, Rieff brought a combined section 2-619.1 motion to dismiss the count for conspiracy against her. She argued pursuant to section 2-615 that plaintiff failed to state a claim upon which relief could be granted. She argued pursuant to section 2-619(a)(9) that the claim against her was barred by other affirmative matter, namely Rieff's sworn affidavit. At the hearing on Rieff's combined motion to dismiss the trial court stated, "These are conclusions, I know they're hard. But sometime the reason they're hard is that there's nothing there. That's why sometimes it's hard to plead conspiracy, because you don't have it." The trial court ultimately granted Rieff's combined motion to dismiss. We find that the trial court properly granted Rieff's motion to dismiss the cause of action for conspiracy against Rieff based on section 2-615.

¶ 34 A section 2-615 motion to dismiss tests the legal sufficiency of the complaint based on defects apparent on its face. *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 15. A section 2-615(a) motion presents the question of whether the facts alleged in the complaint, viewed in a light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted. *Id.* ¶ 16. Illinois is a fact-pleading jurisdiction, and therefore while the plaintiff is not required to set forth evidence in the complaint, the plaintiff must allege facts sufficient to bring a claim within a legally recognized

cause of action, not simply conclusions. See *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429-30 (2006).

¶ 35 The elements of a cause of action for civil conspiracy are: (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Fritz v. Johnston*, 209 Ill. 2d 302, 317 (2004). The function of a conspiracy claim is to extend tort liability from the active wrongdoer to wrongdoers who may have only planned, assisted, or encouraged the active wrongdoer. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62 (1994). However, "[t]he mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss." *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill. 2d 12, 23 (1998).

¶ 36 In order to connect a defendant to an alleged civil conspiracy, the complaint must allege the " 'necessary and important element'" of the existence of an agreement. *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 134 (1999), quoting *Adcock*, 164 Ill. 2d at 62. The complaint must allege that the defendant knowingly and voluntarily participated in the common scheme at the heart of the alleged civil conspiracy. *Id*. Similarly, the "[m]ere knowledge of the fraudulent or illegal actions of another is also not enough to show a conspiracy." *McClure*, 188 Ill. 2d at 134. Consequently, a defendant who "innocently performs an act which happens to fortuitously further the tortious purpose of another is not liable under the theory of civil conspiracy." *Adcock*, 164 Ill. 3d at 64.

¶ 37 In count I of plaintiff's fourth amended complaint, she alleged that Rieff and her "co-conspirators entered an agreement to participate in the conspiracy to unlawfully obtain monies they were not entitled to obtain and which were monies that plaintiff should have received as the

title holder to the property." Plaintiff stated, "Thus, there are numerous facts to establish that there was 'an agreement between two or more persons.' " Plaintiff claimed that the object of the conspiracy was to use plaintiff's good credit to take out as much money as possible from real estate purchased by plaintiff for the wrongful benefit of the coconspirators, while placing all liability for their actions on plaintiff. Plaintiff contended that Rieff:

"acted in furtherance of the conspiracy by: (1) acting as real estate agent and collecting commissions related to the sale of various subject properties, including multiple sales and commissions related to the same property on or near the same day and Rieff has admitted that she is not legally entitled to any real estate commissions despite the fact there are numerous pieces of paper that state she received monies; and (2) other ways known and unknown."

¶ 38    These allegations do not properly plead a cause of action as to Rieff for conspiracy to commit fraud. Rather, these are conclusory statements. There are no facts as to where, when, and how an agreement was made between the alleged coconspirators. There are no documents showing any communication between Rieff and the other named coconspirators. Plaintiff's only documents connecting Rieff to this alleged conspiracy, attached as exhibits to her complaint, were unsigned. The trial court noted that the exhibits did not "look very official" and that when looking at the alleged escrow statement, there were no "RESPAs with anything going to [Rieff]."

¶ 39    Plaintiff again contends on appeal that the fourth amended complaint "contains numerous facts about all aspects of what happened and the facts provide a pretty detailed recap of the facts known by the plaintiff," but she does not tell us what those facts are. Plaintiff also claims the fourth amended complaint "alleges facts to establish the identities of the co-conspirators, the object of the conspiracy, Rieff's involvement in the conspiracy including how she acted in

furtherance of the conspiracy and that plaintiff was damaged by losing hundreds of thousands of dollars as a direct and proximate result of the wrongful actions." Plaintiff does not, however, explain on appeal what the conspiracy was, how it was planned, and or how Rieff acted in furtherance of that conspiracy. Rather, she has merely characterized a combination of acts as a conspiracy, which is insufficient to withstand a motion to dismiss. *Buckner*, 182 Ill. 2d at 23. Accordingly, we affirm the trial court's dismissal of Rieff from this cause of action with prejudice.

¶ 40    Plaintiff also appeals the trial court's grant of Rieff's section 2-619(a)(9) motion to dismiss count V of the second amended complaint. Count V was for unjust enrichment and was repled in the fourth amended complaint to preserve it for appeal. Plaintiff claimed that Rieff, by falsely claiming plaintiff earned $287,000 in non-employee 1099 income from Parthenon Guest House (PGH), (1) benefitted from reduced tax liability that shifted to plaintiff, (2) appreciated the benefit, failing to correct the error, and (3) accepted and retained the benefit of reduced tax liability despite the fact that it was inequitable to do so while plaintiff did not earn any money during this period and has faced tax liens partly due to said false income claims.

¶ 41    A section 2-619(a)(9) motion to dismiss is proper if the claim against the defendant is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016). "In ruling on a motion to dismiss under section 2-619, the trial court may consider pleadings, depositions, and affidavits. *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995)[3]. When supporting affidavits have not been challenged or contradicted by counter-affidavits or other appropriate means, the facts stated therein are deemed admitted. *Id*.

---

[3] We note that in her brief, Rieff misquoted this case. Supreme Court Rule 341(h) (eff. May 25, 2018) governs appellate briefs and its provisions are not mere suggestions, but rather requirements.

¶ 42    In Rieff's section 2-619(a)(9) motion to dismiss, and in her sworn affidavit attached to her motion, Rieff stated that the 1099-MISCs attached to plaintiff's complaint were not filed by or on behalf of PGH, and that the Federal Identification Number listed on those 1099-MISCs did not belong to PGH. Rieff also noted that the forms did not contain any signatures. Here, there was no counteraffidavit submitted by plaintiff. As such, we must accept facts contained in Rieff's affidavit to be true, and therefore find that the trial court correctly dismissed count V for unjust enrichment with prejudice.

¶ 43                                    Foreman

¶ 44    Following plaintiff's second amended complaint, Foreman filed a combined section 2-619.1 motion to dismiss the counts against him: count I for conspiracy to commit fraud and count IV for legal malpractice. Foreman argued that count I should be dismissed against him pursuant to section 2-619(a)(9) because he had never even spoken to the alleged coconspirators, and therefore there could not be an agreement amongst them, and that count IV should be dismissed pursuant to section 2-615 because there was no legal malpractice alleged. The trial court dismissed count I against him but did not dismiss the legal malpractice count.

¶ 45    Following plaintiff's fourth amended complaint, Foreman filed a combined section 2-619.1 motion to dismiss count IV. He argued that count IV should be dismissed pursuant to section 2-619(a)(9) as untimely, and pursuant to section 2-615 for failing to state a claim for legal malpractice. The trial court granted his motion to dismiss on the basis that the legal malpractice claim was time-barred, and that it failed to state a claim for legal malpractice because it did not allege damages.

¶ 46    We first address count I against Foreman, for conspiracy to commit fraud. Plaintiff stated in her second-amended complaint that the conspiracy was to use plaintiff's good credit to cash

out as much as possible for the coconspirators while placing all liability for their actions on plaintiff. The object of the conspiracy was for all defendants to wrongfully obtain monies for their benefit and to the detriment of plaintiff. Plaintiff alleged that Foreman acted in furtherance of the conspiracy by (1) representing plaintiff related to Loan II without plaintiff's knowledge, (2) representing plaintiff and Grand Manor in an action brought by RCN Capital Funding when Loan II went unpaid, without plaintiff's knowledge, (3) representing plaintiff in an action brought by American Express without plaintiff's knowledge, (4) breaching the duties he owed to plaintiff including but not limited to fiduciary duties, duties of loyalty, and duties of cause, and (5) other ways known and unknown.

¶ 47    Foreman brought his motion to dismiss this particular count pursuant to section 2-619(a)(9), stating in his sworn affidavit that he did not know nor had ever met "Phyllis LaRoe, Lorraine Reiff, Eileen Keating, Robert Guzaldo, or Patricia Pascual, nor have I ever spoken with any of these individuals about [plaintiff]." Foreman alleged that he could not have "conspired with persons whom I do not know nor have I ever met." Foreman argued, as we noted above, that the essence of a conspiracy is that there must be an agreement by the alleged conspirators. See *McClure*, 188 Ill. 2d at 134, quoting *Adcock*, 164 Ill. 2d at 62 (in order to connect a defendant to an alleged civil conspiracy, the complaint must allege the " 'necessary and important element' " of the existence of an agreement). Foreman also argued that while plaintiff alleged a number of separate real estate, loan, and credit card transactions, all of them were separate and involved different lenders, properties, or credit cards. Foreman argued that the only connection among the transactions according to plaintiff was that she did not consent to them. Foreman further argued that the fact that plaintiff did not consent to these transactions did not form the basis of a conspiracy claim. We agree. As stated above, the elements of a cause of

14

action for civil conspiracy are: (1) a combination of two or more persons, (2) for the purposes of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful mean, (3) in furtherance of which one of the conspirators committed an overt tortious or unlawful act. *Frtiz*, 209 Ill. 2d at 317. However, the mere characterization of acts as a conspiracy is insufficiently to withstand a motion to dismiss. *Buckner*, 182 Ill. 2d at 23. Additionally, the mere knowledge of fraudulent or illegal actions of another is not enough to show a conspiracy. *McClure*, 188 Ill. 2d at 134.

¶ 48    The trial court, at the conclusion of the hearing on this motion, stated, "there is no way that a conspiracy has been pled against people that are not linked in with this family." The trial court noted that even though conspiracy is hard to plead, "you have got to have some kind of conversation, action, conduct, and you can't just wish it."

¶ 49    We first note that it appears to us that while Foreman labeled his motion to dismiss the conspiracy count as a section 2-619(a)(9) motion, his argument was that plaintiff failed to sufficiently state a cause of action for conspiracy, which would have been more appropriately brought under section 2-615. A distinction between a section 2-615 motion and a section 2-619 motion is that a 2-615 motion accepts all well-pleaded facts while questioning whether the pleadings sufficiently state a cause of action, while a section 2-619 motion accepts that plaintiff's complaint states a legally sufficient cause of action, but contends that an affirmative matter defeats plaintiff's claim. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶¶ 52-53. We note that a defendant's motion to dismiss is not defeated merely by choosing the wrong statutory mechanism where the plaintiff suffered no prejudice from the improper label." *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 21 (citing *Wallace v. Smyth*, 203 Ill. 2d 441, 447 (2002)).

¶ 50    Here, the elements of conspiracy were simply not pled against Foreman in count I of plaintiff's second amended complaint. While plaintiff certainly made several allegations regarding different transactions that Foreman allegedly represented her in without her knowledge, there were no allegations of a conspiracy amongst Foreman and the other defendants. There were no allegations that Foreman knew the other defendants, spoke with the other defendants, or knew anything about the allegedly fraudulent purpose behind these real estate transactions. The mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss, and thus we affirm the trial court's grant of Foreman's motion to dismiss count I against him. See *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill. 2d at 23.

¶ 51    Finally, we address Foreman's motion to dismiss count IV against him for legal malpractice. While this count was dismissed without prejudice after plaintiff's second amended complaint, it was repled in the fourth amended complaint. In the fourth amended complaint, plaintiff alleged that Foreman committed legal malpractice by failing to advise plaintiff of the facts and circumstances surrounding Loan II, the case against RCN Capital Funding, and the American Express case. Foreman filed his combined motion to dismiss, basing the motion to dismiss the count for legal malpractice on section 2-615 for failure to state a claim and section 2-619(a)(9) for a violation of the statute of limitations. The trial court granted Foreman's combined motion to dismiss stating, "when you've been served with lawsuits and you got ***all these mysterious lawsuits filed against you for – for transactions that you have no knowledge of?" The trial court stated, "I think the statute of limitations is expired *** at the time they brought this cause of action." The trial court also stated that Foreman was not alleged to have participated in any of the same-day flipping of properties, and that his involvement was merely "American

Express, a municipal collection case, RCN, a foreclosure case, and this NewTek loan." The trial court also stated, "So he represented her in a loan. She didn't know he represented her. *** where is the damage?"

¶ 52    As noted above, a section 2-615 motion to dismiss tests the legal sufficiency of the complaint based on defects apparent on its face. *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 15. A section 2-615(a) motion presents the question of whether the facts alleged in the complaint, viewed in a light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted. *Id*. ¶ 16. Illinois is a fact-pleading jurisdiction, and therefore while the plaintiff is not required to set forth evidence in the complaint, the plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action, not simply conclusions. See *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429-30 (2006).

¶ 53    To state a claim for legal malpractice, a plaintiff must allege in her complaint:

"(1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that 'but for' the attorney's negligence, the plaintiff would have prevailed in the underlying action; and (4) damages." *Serafin v. Seith*, 284 Ill. App. 3d 577, 586-87 (1996).

¶ 54    The proximate cause element of this claim requires that the plaintiff must plead facts sufficient to show that but for the attorney's malpractice, the client would have been successful in the undertaking the attorney was retained to perform. *Serafin*, 284 Ill. App. 3d at 587. Here, there are no allegations as to what happened in any of the cases in that Foreman allegedly

17

represented plaintiff. We do not know if plaintiff prevailed in those actions or not. If she prevailed, then presumably there would be no damages. If she did not prevail, there is no indication of what the damages were. In the fourth amended complaint plaintiff merely alleges that Foreman failed to advise her about certain facts and circumstances surrounding these three transactions, and that as a result, she was unable to discover that a conspiracy was happening with her family members, that she could have received proceeds from the loans, that she would not have had tax liens against her property, and other similar allegations. Her basic argument is that she would have been privy to other actions by her family members if Foreman had communicated with her that he was representing her. However, that argument does not constitute legal malpractice. Rather, legal malpractice is when a plaintiff would have prevailed in the underlying action if not for the attorney's negligence. Again, there is no indication from the fourth amended complaint as to whether plaintiff prevailed in any of the legal actions or not. Accordingly, we find that the trial court properly dismissed count IV of the fourth amended complaint against Foreman for failing to state a claim for legal malpractice.

¶ 55                                                  CONCLUSION

¶ 56    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 57    Affirmed.